Charles Caffin *v.* A. Pollard.

Bills of exception should be signed by the Judge, before *signing the judgment.*

All agreements between parties or counsel, derogating from the rules of practice fixed by law, must be entered on the minutes of the court, or reduced to writing and filed in the record, or they will not be noticed.

Rule on *Maurian*, Judge of the Parish Court of New Orleans,

the Marshal of the City Court of New Orleans, and the plaintiff, Caffin.

*Greiner*, for the intervenors, plaintiffs in the rule.

*Labarre*, contra.

GARLAND, J. The counsel for Norman, Steel & Co., and others, intervenors, obtained a rule on the Judge of the Parish Court of New Orleans, the Marshal of the City Court, and Caffin, to show cause, why further proceedings in the above named case should not be suspended, and why the certificate of the Clerk of this court, that the record and appeal of the intervenors had not been filed on the return day, should not be returned, and the City Marshal prohibited from paying over certain money in his hands, and the Judge of the Parish Court enjoined from issuing execution in the above case.

It appears, that in the inferior court, an application for an appeal was presented in due time, and the return day fixed. Some delay occurred in making out the record, in consequence of a difficulty arising, as to the signing of several bills of exception, which had been reserved during the trial, but not formally made out, and signed previous to the judgment. They were for a time lost or mislaid, in consequence of which the record was not ready on the return day of the appeal. The counsel for the appellants, then applied to this court for further time to bring up the record, which was granted ; but in consequence of a verbal understanding to that effect between the counsel, it was not entered on the records of the court.

The counsel for Caffin having waited some time, and the record not being filed, took out a certificate to that effect, and was proceeding with his execution in the inferior court, when this rule was taken. The counsel now differ as to the exact meaning, and extent of the agreement they entered into, and affidavits are filed by both, stating their different views of it.

It cannot be expected, that we shall decide upon such a case. It is one, that shows the inconvenience, and impropriety of not adhering to the rules of practice established by law. The Judge ought to have signed the bills of exception before he did the judgment ; and all agreements between parties or counsel, which derogate from the rules of practice as fixed by law, should be made

in writing.    We are determined not to notice, or carry into effect verbal agreements, between counsel in relation to cases before us. All arrangements between members of the bar, must be entered on the minutes of the court, or reduced to writing, and filed in the record.

*Rule discharged.*